AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Global Storage, Unit E321, 7701 Bridge Blvd. SW,<br>Albuquerque, New Mexico, 87121 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.    24-MR-120 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is incorporated by reference.

The Court notes that paragraph 7 explicitly incorporates the facts set forth in the Affidavit for search of the Mendez residence. *KBM*

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1951, 1952, 371;<br>666; 1343; 1346; 2 | Hobbs Act extortion under color of official right; Travel Act interstate travel or transportation in aid of racketeering enterprises; conspiracy; bribery; wire fraud; honest services wire fraud; and aiding and abetting. |

The application is based on these facts:

The affidavit of Special Agent Cristina Sandoval is incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Cristina Sandoval*
*Applicant's signature*

FBI SA Cristina Sandoval
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

__ telephonically sworn and electronically signed __ *(specify reliable electronic means)*.

Date: _____ 01/19/2024 _____

*Karen B. Molzen*
*Judge's signature*

City and state:   Albuquerque, NM

Honorable Karen B. Molzen, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AFFIDAVIT IN SUPPORT OF APPLICATION**

I, Cristina Sandoval, Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state that:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a storage unit, Unit E321, located at Global Storage, 7701 Bridge Blvd. SW, Albuquerque, New Mexico, 87121, as further described in Attachment A, for the property more fully described in Attachment B.

2.      I am a SA of the Federal Bureau of Investigation ("FBI") and have been so employed since June 2016. I am recognized as a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure ("FRCP") 41(a)(2)(C). I am currently assigned to the Child Exploitation Human Trafficking Task Force ("CEHTTF") in Albuquerque, NM, where my responsibilities include investigating child exploitation and child sex trafficking offenses. I have previously been assigned to the Violent Crime, Counterintelligence, and Transnational Organized Crime squads. I have worked cases involving national security matters, drug trafficking organizations, bank robberies, Hobbs Act violations, and sexual assault of minors on federal property.

3.      I have received on the job training from other experienced agents and law enforcement officers. My investigative training and experience includes, but is not limited to:

conducting surveillance, interviewing subjects, writing affidavits for search and arrest warrants, collecting evidence, learning legal matters which includes the topics of Fourth Amendment searches, and attending trainings for Internet Crimes Against Children and Human Trafficking training. I have previously participated in child exploitation investigations and search warrants.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

## RELEVANT STATUTES

5.      This investigation concerns alleged violations of certain activities relating to the following federal crimes (the "TARGET OFFENSES"), or aiding and abetting such crimes:

a.  18 U.S.C. § 1951 (Hobbs Act extortion under color of official right);

b.  18 U.S.C. § 1952 (Travel Act interstate travel or transportation in aid of racketeering enterprises);

c.  18 U.S.C. § 371 (conspiracy);

d.  18 U.S.C. § 666 (bribery);

e.  18 U.S.C. § 1343 (wire fraud); and

f.  18 U.S.C. §§ 1343, 1346 (honest services wire fraud).

6.      There is also probable cause to search the locations described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

**FACTS ESTABLISHING PROBABLE CAUSE**

7.      This affidavit fully incorporates by reference the affidavit submitted in support of the search warrant to search Ricardo MENDEZ's residence, located at 412 Judith Lane SW, Albuquerque, NM 87121 (24-MR-81) (SUBJECT PREMISES 2).

8.      On January 16, 2024, United States Magistrate Judge Karen B. Molzen approved a federal search warrant to search Ricardo MENDEZ's residence pursuant to the warrant referenced above. On January 18, 2024, agents executed the warrant at the SUBJECT PREMISES 2. During the course of the search, agents located receipts of payment to Global Storage, 7701 Bridge Blvd SW, Albuquerque, NM 87121 were observed during the search warrant execution at 412 Judith Lane SW, Albuquerque, NM 87121. The receipts were dated from 2019 to 2023 with the most recent receipt observed dated June 2023 for rent for the month of July 2023. The storage area unit was listed at Unit E321 and the tenant was listed at Ricardo MENDEZ. Based on this, there is probable cause to believe that Ricardo MENDEZ rents a storage unit at Global Storage, as more fully described in Attachment A.

9.      During the course of the search of SUBJECT PREMISES 2, agents also located a very large collection of firearms. There is probable cause to believe that the overall number of firearms (approximately 39) and the types of firearms indicate that Ricardo MENDEZ collects firearms. There is also probable cause to believe that, based on the large number of firearms and the likely high value of this collection, Ricardo MENDEZ was using proceeds from the criminal scheme to purchase firearms, including the ones located during the search of the SUBJECT PREMISES 2.

10.     At this point, the exact value of the firearms is not known, and they will be submitted for further assessment in terms of their valuation following their seizure. Based on open-

3

source information, however, there is probable cause to believe that several of the firearms are very valuable. For example, agents located a Thompson sub-machine gun in a hardshell case (commonly known as a Tommy gun). The hardshell case had a sticker written in cursive that stated "Thompson" on it (which, it is believed, was part of how it was sold to Ricardo MENDEZ). The inside of the case was a custom foam-cut out for the firearm and a circular drum magazine for .45 caliber ammunition. According to open-source information, this firearm has an estimated resale value of approximately $1,500. There were also various handguns which, according to open-source information, have estimated values exceeding $1,000 each. There are also numerous rifles also with estimated significant value. For example, there is a Windham weaponry 308 AR-10 rifle, which, based on open source information, has an estimated value of $1,500.

11.    Based on my experience and training, and the training of other agents with whom I have consulted, individuals who participate in a scheme to obtain payments in exchange for an officer refraining from filing charges or from appearing for interviews or court settings routinely conceal in storage units evidence of their criminal scheme, instrumentalities of the scheme, and/proceeds of the scheme, as described in Attachment B. It is also common for individuals who are engaged in this type of scheme to use storage units as a place to store evidence and instrumentalities of this scheme. In this case, Ricardo MENDEZ typically required payments in excess of $1,000, so there is probable cause to believe that bulk cash, currency, and other financial instruments in excess of $1,000 are instrumentalities and evidence of the criminal scheme. Based on my training and experience, and the training and experience of other agents, it is common for individuals who engage in schemes that involve the fraudulent and criminal solicitation and receipt of payments to attempt to conceal the ill-gotten gains from the scheme through the purchase of goods – including vehicles, clothing, jewelry, travel, and other things of value. Based on my

4

training and experience, and the training and experience of other agents, other things of value include a collection of firearms, which can be very high in monetary value. Moreover, based on my training and experience, and the training and experience of other agents, such goods are often maintained in storage units in an effort to conceal the amount and nature of goods purchased with the criminal proceeds.

12.    There is probable cause to believe that storage unit described in Attachment A will contain records and items pertaining to Thomas CLEAR, Ricardo MENDEZ, Honorio ALBA, Joshua MONTANO, Nelson ORTIZ, Harvey JOHNSON (the TARGET SUBJECTS), and others' criminal scheme in violation of 18 U.S.C. § 1951 (Hobbs Act extortion under color of official right); 18 U.S.C. § 1952 (Travel Act interstate travel or transportation in aid of racketeering enterprises); 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 666 (bribery); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §§ 1343, 1346 (honest services wire fraud); and 18 U.S.C. § 2 (aiding and abetting), for the time frame reflected in Attachment B:

    a.  Driver's licenses (other than those belonging to the target subjects or other persons present at the time of the search);

    b.  Records reflecting how DWI offender payments were tracked;

    c.  Records related to payments to Thomas CLEAR, Ricardo MENDEZ, Honorio ALBA, Joshua MONTANO, Nelson ORTIZ, Harvey JOHNSON, or other officers involved in this scheme;

    d.  Records and information related to DWI offenders targeted as part of this scheme;

    e.  Any and all lists or notes containing information such as names, telephone numbers, or addresses of DWI offenders targeted as part of this scheme;

f.  Telephone and address books or notes containing telephone numbers and addresses of co-conspirators;

g.  Evidence related to the purchase of goods – including vehicles, clothing, jewelry, travel, firearms, or other things of value – with ill-gotten gains of criminal activity;

h.  Bulk cash, currency, or other financial instruments above $1,000 in value.

i.  Messages, notes, correspondence, and/or communications between co-conspirators;

j.  Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks, safe deposit box keys, vault keys and other items evidencing the obtaining, secreting, and/or concealment, and/or expenditures of money;

k.  Photographs or videos of Thomas CLEAR, Ricardo MENDEZ, Honorio ALBA, Joshua MONTANO, Nelson ORTIZ, Harvey JOHNSON, their co-conspirators, and the property and assets purchased with proceeds of the criminal scheme;

l.  Any and all wireless telephones, digital media, and storage media that reasonably appear to contain some or all of the records, information.

13.  There is therefore probable cause to believe that Ricardo MENDEZ's storage unit, more fully described in Attachment A, will contain evidence of the TARGET OFFENSES, as more fully described in Attachment B.

## CONCLUSION

14.     I submit that this affidavit supports probable cause for a warrant to search the storage unit described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Cristina Sandoval
Special Agent
Federal Bureau of Investigation

Subscribed and sworn telephonically and signed electronically on January 19, 2024

KAREN B. MOLZEN
UNITED STATES MAGISTRATE JUDGE

7

## ATTACHMENT A

*Property to Be Searched*

The property to be searched is described, located at Global Storage, storage unit E321, located at

7701 Bridge Blvd. SW, Albuquerque, New Mexico, 87121.

**ATTACHMENT B**

*Property to be seized*

1.    All records relating to violations of 18 U.S.C. § 1951 (Hobbs Act extortion under color of official right); 18 U.S.C. § 1952 (Travel Act interstate travel or transportation in aid of racketeering enterprises); 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 666 (bribery); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §§ 1343, 1346 (honest services wire fraud); and 18 U.S.C. § 2 (aiding and abetting), those violations involving a scheme to obtain payments in exchange for an officer refraining from filing charges or from appearing for interviews or court settings, and involving Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, and/or Nelson ORTIZ, since May 1, 2009, including:

a.    Driver's licenses (other than those belonging to Ricardo MENDEZ or other persons present at the time of the search);

b.    Records reflecting how payments were tracked for DWI offenders were targeted under this criminal scheme;

c.    Records related to payments to Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Nelson ORTIZ, Harvey JOHNSON, or other officers involved in the criminal scheme;

d.    Records and information related to DWI offenders targeted as part of the criminal scheme;

e.    Any and all lists or notes containing information such as names, telephone numbers, or addresses of DWI offenders targeted as part of the criminal scheme;

f.    Telephone and address books or notes containing telephone numbers and addresses of co-conspirators;

1

g.     Evidence related to the purchase of goods – including vehicles, clothing, jewelry, travel, firearms, or other things of value – with criminal proceeds;

h.     Bulk cash, currency, or other financial instruments above $1,000 in value that constitute proceeds of or are intended to facilitate the scheme described above;

i.     Messages, notes, correspondence, and/or communications between co-conspirators;

j.     Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks, safe deposit box keys, vault keys and other items evidencing the obtaining, secreting, and/or concealment, and/or expenditures of money;

k.     Photographs or videos of Ricardo MENDEZ, their co-conspirators, and the property and assets purchased with proceeds of the criminal scheme;

l.     Any and all wireless telephones, digital media, and storage media that reasonably appear to contain some or all of the records, information, and/or evidence described in Attachment B.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer, digital media, or storage media; any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "digital media" includes personal digital assistants (PDAs), smartphones, tablets, BlackBerry devices, iPhones, iPods, iPads, digital cameras, and cellular telephones.

2

The term "storage media" includes any physical object upon which electronic data can be recorded, such as hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media or digital medium.

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, smartphones, tablets, server computers, and network hardware.

This warrant will be executed consistent with the filter protocols set forth in the affidavit.